IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BLAKE MILEY**                                                                                                      **PLAINTIFF**

**v.**                                              **CIVIL NO. 1:22-cv-00101-HSO-BWR**

**BURL CAIN, et al.**                                                                   **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On April 22, 2022, pro se Plaintiff Blake Miley ("Plaintiff") filed this civil action challenging the conditions of his confinement under 42 U.S.C. § 1983. Compl. [1] at 3. Plaintiff avers that he was arrested for violating his probation on March 13, 2022, and detained beyond the time allowed by Mississippi law. *Id.* at 4. During his detention at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi, Plaintiff claims that he was denied proper medical care, including his prescription medications, which "has caused [him] to have suicidal thoughts and [to] suffer severe deppression [sic]." *Id.* at 4-5. Shortly after filing his Complaint, Plaintiff was moved to the Pearl River County Jail in Poplarville, Mississippi. *See* Envelope [4-1]. Plaintiff is proceeding *in forma pauperis* in this case. Order [5].

On August 5, 2022, Plaintiff was ordered to file a written response on or before August 22, 2022, to aid the Court in assessing his claims. Order [7]. Plaintiff was warned that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id.* at 3. Plaintiff timely complied with the Court's Order [7], but his Response [8] was incomplete.

On September 13, 2022, the Court ordered Plaintiff to file another written response on or before September 27, 2022, to elaborate on his claims. Order [10]. Plaintiff was warned again that "[f]ailure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice." *Id.* at 2. That Order [10] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked "not here." Envelope [11]. Plaintiff did not comply with the Court's Order [10] by the September 27 deadline.

On October 3, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's September 13 Order. Order [12]. He was directed to file a written response on or before October 17, 2022. *Id.* at 2. Plaintiff was again warned "[t]hat failure to comply with the requirements of this Order or to advise the Court of a change of address may lead to dismissal of Plaintiff's Complaint." *Id.* This Order, with a copy of the Court's September 13 Order, was mailed to Plaintiff at his last-known mailing address and

to his attention at JCADC—where he had apparently been relocated. *Id*. at 1-2. Both mailings were returned to the Court as undeliverable; the one sent to Pearl River County Jail was marked "not here," and the one sent to JCADC was marked "no longer at this facility." Envelopes [13], [14]. Again, Plaintiff did not comply with the Court's Order [12] by the October 17 deadline.

On October 20, 2022, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [10] [12]." Order [15] at 2. Plaintiff was ordered to file a written response on or before November 3, 2022. *Id*. Plaintiff was also directed, on or before the November 3 deadline, to comply with the Court's September 13 Order by answering the questions posed therein. *Id*. Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [10] [12]." *Id*. at 3. That Order, with copies of the Court's September 13 and October 3 Orders, was mailed to Plaintiff at his address listed on the docket. These documents were all returned by the postal service as undeliverable in an envelope marked "not here." Envelope [16].

To date, Plaintiff has not responded to the Court's September 13, October 3, and October 20 Orders [10], [12], [15] or otherwise contacted the Court about his

3

case. He has not taken any action in this case since August 15, 2022. *See* Response [8].

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [10], [12], [15], after being warned six times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [15] at 2-3; Order to Show Cause [12] at 2; Order Requiring Plaintiff to Respond [10] at 2; Order Requiring Plaintiff to Respond [7] at 2-3; Order Setting Payment Schedule [5] at 2; Order [3] at 2. Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since August 15, 2022. That inaction includes Plaintiff's failure to advise the Court of his current address, despite being advised on more than one occasion that it is his

4

responsibility to do so, *see* Second and Final Order to Show Cause [15] at 2-3; Order to Show Cause [12] at 2; Order Requiring Plaintiff to Respond [10] at 2; Order Requiring Plaintiff to Respond [7] at 2-3; Order Setting Payment Schedule [5] at 2; Order [3] at 2, and having demonstrated his understanding of this directive by updating his address once before, *see* Envelope [4-1].  Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.

Moreover, the statute of limitations on Plaintiff's claims has not expired.  *See Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *2 (S.D. Miss. Mar. 31, 2022) ("The statute of limitations for [Section] 1983 claims in Mississippi is three years.") (quotation omitted).  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 16th day of November, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE